IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**FRANK J. VISCONI,**

      **Plaintiff,**

v.                                           Case No. 2:14-cv-15592

**PAUL D. WARNER and**
**BROTHERS OF THE WHEEL M.C.**
**EXECUTIVE COUNCIL, INC., and**
**JOHN DOES 1-50**
**JANE DOES 1-50,**

      **Defendants.**

### **PROPOSED FINDINGS AND RECOMMENDATION**

On April 30, 2014, the plaintiff, Frank J. Visconi, filed a Complaint (ECF No. 1) under Section 45 of the Lanham Act, 15 U.S.C. § 1051 *et seq.*. against the defendants, alleging that the defendants' registered trademark, registration number 2926222 for "Brothers of the Wheel M.C." should be cancelled because the defendants have not exercised quality control measures over its licensees' use of the trademark. Consequently, the plaintiff alleges that the defendants have "committed involuntary abandonment of its mark thus allowing the court to exercise 'judicial cancellation' of Defendants' registered mark." (*Id.* at 5).

Pending before the court are three motions file by the plaintiff for leave to file supplementary pleadings/information (ECF Nos. 5, 7 and 8). Also pending before the court is the defendants' Motion to Dismiss (ECF No. 11), which was filed jointly with the

defendants' Answer and Counterclaim (ECF No. 10), and the plaintiff's Motion for Default Judgment (ECF No. 12).

Before the court may address any of these motions, however, the court must determine whether it has subject matter jurisdiction to consider the plaintiff's claim at all. "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Am. United for Separation of Church and State,* 454 U.S. 464, 471 (1982). As noted by the United States Court of Appeals for the Fourth Circuit in *Miller v. Brown,* "[t]he doctrine of standing is an integral component of the case or controversy requirement." 462 F.3d 312, 316 (4th Cir. 2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *see also Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997).

> Three elements must be met for a party to have standing to bring suit:
>
> (1) the plaintiff must have suffered an injury in fact - an invasion of a legally-protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) there must be a causal connection between the injury and the conduct complained of, and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 491 (6th Cir. 1995) (citations omitted in original; punctuation omitted); *see also Friends of the Earth, Inc. v. Gaston Copper Recycling*, 204 F.3d 149, 153-154 (4th Cir. 2000). The party invoking the court's jurisdiction bears the burden of establishing standing. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).

The defendants' Motion to Dismiss raises the standing issue, asserting that the plaintiff has no standing to bring this action. (ECF No. 11 at 2).[1] Notwithstanding the fact that the defendants' motion does not comply with the Local Rules, the court may address the issue of subject matter jurisdiction *sua sponte* at any time. *See* Rule 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.")

The plaintiff's Response and Objections to the defendants' Motion to Dismiss (ECF No. 14) fails to establish that the plaintiff has standing. Rather, it merely asserts that the plaintiff is a "concerned citizen" who "served in a law enforcement capacity for his entire working career." (*Id.* at 4). The plaintiff has not alleged that he has any personal nexus to the use of the defendants' registered trademark, or that the defendants' conduct has caused any actual or imminent invasion of any concrete and particularized legally-protected interest of the plaintiff.

Thus, the plaintiff has failed to allege any "injury in fact" as a result of the defendants' alleged conduct. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated that he has standing to bring this lawsuit and, therefore, further **FIND** that this federal court lacks subject matter jurisdiction over the plaintiff's Complaint, and that this civil action must be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

---

[1] The defendants' Motion to Dismiss (ECF No. 11) was filed without an accompanying memorandum of law. Rule 7.1(a)(2) of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia provides that "If a memorandum is not submitted as required by this rule or by the court, the motion will be denied without prejudice." L. R. Civ. P. 7.1(a)(2) (as amended November 18, 2013). Thus, if this civil action were to proceed, the undersigned would respectfully **RECOMMEND** that the presiding District Judge **DENY** the defendants' Motion to Dismiss (ECF No. 11), without prejudice.

Due to this court's lack of subject matter jurisdiction, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and that all pending motions (ECF Nos. 5, 7, 8 and 12) be **DENIED AS MOOT**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

February 20, 2015

Dwane L. Tinsley
United States Magistrate Judge

4